E. D. RYAN'S ADMINISTRATOR v. FLINT & CHAMBERLIN.

The 6th section of the 11th ordinance of the constitutional convention of 1866 reads as follows: " In all civil actions, the time between the 2d day of March, 1861, and the 2d day of September, 1866, shall not be computed in the application of any statute of limitations." (Paschal's Dig., Art. 4631*a*.) This saving did not apply to the 47th section of the act to regulate proceedings in the county courts relative to the estates of deceased persons. (Paschal's Dig., Art. 1307, Note 482.)

The object of our administration laws is to hasten the settlement of the estates of deceased persons. (Paschal's Dig., Arts. 1314, 1343, 1345.)

Article 1307 requires the creditor to present his claims within twelve months after the grant of administration, or it will be postponed until those presented within a year shall have been paid, but it may be presented after the twelve months, and, if the estate be solvent, it will be paid.

Article 4631*a* (convention ordinance) is only intended to embrace those general laws of the state which deny rights of action, and which may be interposed as an effectual bar to any recovery on the cause of action. Article 1307 is not such a statute.

Where a claim had been allowed by an administrator after the expiration of twelve months, and the county court ordered the administrator to pay the claim *pro rata*, as if allowed within twelve months, from which order the administrator appealed to the district court, which affirmed the order, and the administrator appealed to the Supreme Court: *Held*, that the judgment would be reversed and reformed, so as to put it on the schedule of postponed claims. (Paschal's Dig., Art. 1562, Note 604.)

APPEAL from McLennan. The case was tried before Hon. THOMAS HARRISON, one of the district judges.

There was but one question involved in this case, and

that was, as to whether or not article 1307, Paschal's Digest, is a statute of limitation; or, whether or not section 6, ordinance No. 11, convention of 1866, contemplated proceedings under said article 1307.

Letters of administration were granted upon the estate of E. D. Ryan to appellant November 27, 1865.    On 11th January, 1867, appellees presented their claim for acceptance by the administrator, who at once accepted it, and dated the same, which date was over one year after the date of the letters of administration.    The appellees asked the probate court to approve the claim, and to order appellant to register it, and pay the same *pro rata* with the claims allowed within the first twelve months, as they contended, by virtue of section 6, ordinance No. 11.    The probate court ordered appellant so to do, and an appeal was taken by him to the district court, where the judgment of the probate court was affirmed.

There was a motion in the county court to set aside the order for want of jurisdiction of that court to make the order; which was overruled.    The case got to the district court without any appeal bond in the record; and so there is no appeal bond, as required for appeals to the Supreme Court.    There was only notice of appeal.    There was no motion to dismiss for want of a bond, and the question of jurisdiction was not urged.

*E. A. McKenney*, for the appellant, reviewed the acts quoted by the judge, and the war acts suspending the statute of limitation.    (Paschal's Dig., Art. 4630, 4631.)

*Flint & Chamberlin*, for themselves.—Claims against an estate must be presented within twelve months after the granting of letters of administration, or they will be postponed until claims which have been so presented are first paid.    (Paschal's Dig., Art. 1307.)    But that statute is clearly a statute of limitation, by which a party may lose

valuable rights if he does not proceed to establish his claim in the mode prescribed and within the time prescribed. It was suspended in its operation as a statute of limitation from the 13th January, 1862, if not from the 2d March, 1861, until the 2d September, 1866. (Paschal's Dig., Arts. 4630, 4631, and 4631*a.*)

The presentation of a claim in the mode prescribed to an administrator, due from the estate he represents, for approval, is the beginning of a civil action, and comes within ordinance 11, section 6, of the convention of 1866; and, if such claim is presented within twelve months from and after the 2d September, 1866, as in this case, it should of right rank and be paid as a claim presented within twelve months after the opening of letters of administration, and should not be postponed.

CALDWELL, J.—The only question presented for our solution in this cause may be thus stated:

Is article 1307, Paschal's Digest, a "statute of limitation" in the sense in which that term is used in section 6, ordinance 11, of the convention held in 1866? [Paschal's Dig., Art. 4631*a.*]

A leading feature of the act pertaining to the estates of deceased persons is the manifest desire on the part of the legislature to hasten the final settlement of estates.

With this object in view, the administrator is required, so soon as he shall ascertain that it is necessary, to apply for an order to sell property to pay debts of the estate. [Paschal's Dig., Art. 1314, Note 488.] He is further required, at the expiration of twelve months from the grant of his letters, to make an exhibit of the condition of the estate of his intestate. [Paschal's Dig., 1343.]

At the third term thereafter it is his duty to make a similar exhibit; and from time to time such further exhibits of claims allowed or registered as may have been presented for his action. [Paschal's Dig., 1345.] These re-

quirements must be complied with, under the peril of a revocation of his letters of administration, without notice.

We have made these quotations from the act (and others might be added) as evidence that a final settlement of an estate is one of the primary objects of the law.

On the part of the creditor, his claim must be presented within twelve months, or it will be "postponed" until the claims which have thus been presented and approved shall have been first entirely paid. [Paschal's Dig., Art. 1307.]

Here we have an incentive, sufficient to encourage diligence, in aid of the general policy of the law-giver.

It will be observed that this article does not preclude the creditor from presenting his claim or "civil action" after the twelve months shall have expired. He may still have it allowed and approved as a valid claim against the estate, to be paid in due course of administration; and, if the estate should remain open so long, this right would remain unimpaired until the general limitation law would bar his recovery. But he would lose the reward of diligence by having his claim "postponed"—deferred—in behalf of the more active and enterprising creditor.

By statute of limitation, as used in section 6, ordinance 11, convention of 1866, it is intended to embrace only those general laws of the state which deny rights of action, and may be interposed as an effectual bar to any recovery on the cause of action. [Paschal's Dig., Art. 4631a.]

Article 1307, Paschal's Digest, is not such a statute. No such extinguisher of the right of action will be available. No remedy is withheld. The right of action survives the limitation of twelve months, and, if the estate is solvent, all just demands will be paid.

There is apparent on the record such a variance between the pleadings and judgment as would enable us to dispose of the case without regard to the merits; but enough is disclosed to warrant us in awarding the judgment that ought to have been rendered below.

It is ordered, adjudged, and decreed, that the claim sought to be established be registered, as having been presented after twelve months from the grant of letters, and that its payment in due course of administration be deferred and postponed until the claims which have been presented within said twelve months shall have been first entirely paid.

REVERSED AND REMANDED FOR OBSERVANCE.